**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| REUBEN A. JACOBS, SR., | :  |
|  | :  Civil Action |
| Plaintiff, | :  09-0180 (JBS) |
| v. | :  **O P I N I O N** |
| A ROBERT DEPERSIA AGENCY, | :  |
| Defendant. | :  |

**APPEARANCES:**

    REUBEN A. JACOBS, SR., Plaintiff pro se
    #218687
    Hudson County Correctional Center
    South Kearny, New Jersey  07032

**Simandle**, District Judge:

    Plaintiff currently confined at the Hudson County Correctional Center, South Kearny, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his affidavit of indigence and institutional account statement pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint. The complaint alleges a private bail bond agency, which provided Plaintiff with a bail bond after Plaintiff's arrest and original charges, violated Plaintiff's rights when it moved for -- and, apparently, successfully obtain -- exoneration from such bond after Plaintiff was arrested later on, on different charges.

I.  **STANDARD OF REVIEW**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

The Court of Appeals for the Third Circuit recently provided a detailed and highly instructive guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals guided as follows:

> [There are] two new concepts in Twombly [127 S. Ct. 1955 (2007)].  First, . . . "[w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's [Rule 8] obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n.3.  . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to

2

> relief.'"  Id. at 1966.  [Hence] "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965 & n.3.  Second, the Supreme Court disavowed certain language that it had used many times before -- the "no set of facts" language from Conley.  See id. at 1968. . . .
>
>     [T]he Twombly decision focuses our attention on the "context" of the required short, plain statement. Context matters in notice pleading. . . . [Thus,] taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S. Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where . . . the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  See Airborne Beepers & Video, Inc., v. AT&T Mobility L.L.C., 499 F.3d 663, 667 (7th Cir. 2007). . . . After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct."  Id. . . . .

Phillips, 515 F.3d at 230-34 (original brackets removed).

## II. DISCUSSION

### A. Color of Law Requirement

To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws.[1]  See Groman v. Twp. of Manalapan, 47 F.3d

---

[1] Section 1983 provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

628, 633 (3d Cir. 1995). Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633.

"The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State: (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State, or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible; and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or © performed conduct otherwise chargeable to the State. See id. at 936-39.

The United States Supreme Court has articulated several instances where a private party's actions may be fairly attributed to state action, explaining that such attribution accrues if: (1) a private defendant's wrongful activity results from the State's

coercive power; (2) the State provides significant encouragement to a private defendant's wrongful activity; (3) a private defendant engages in a wrongful conduct while acting jointly with the State or its agents; (4) a nominally private defendant is effectively controlled by the State during the defendant's wrongful activity; (5) a private defendant has been delegated a public function by the State and used that delegation to engage in the wrongful activity; or (6) the government manages or controls a private defendant in connection with the defendant's wrongful activity.  See Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 296 (2001).

**B.   Exonerated Bail Bond Agency Is Not a State Actor**

The law dealing with bail bondsmen's status as state actors is scarce.  Generally, the courts presented with § 1983 claims against bondsmen omitted to address the question of whether bondsmen were state actors.  See Jonathan Drimmer, When Man Hunts Man: The Rights and Duties of Bounty Hunters in the American Criminal Justice System, 33 Hous. L. Rev. 731, 778 (1996) (discussing the historical origins of the concept of bondsman and the case law related to the profession).  The few exceptions were limited to the cases where bondsmen, acting jointly with police, exercised excessive force during arrests or caused property damage and personal injury upon forcible entry of dwellings: in such cases, the activities of bondsmen were deemed so closely intertwined with those of police

5

officers whom these bondsmen joined, that State action was deemed present. See, e.g., Jackson v. Pantazes, 810 F.2d 426, 430 (4th Cir. 1987).[2]

From that point of view, Defendant, a private agency, which neither arrested Plaintiff, nor entered Plaintiff's dwelling, no engaged in any other activity jointly with law-enforcement officials, cannot be deemed a state actor. Plaintiff's complaint unambiguously indicates that Defendant's activities with respect to Plaintiff were limited to: (1) privately providing Plaintiff with

---

[2] Also, in Jackson, 810 F.2d at 430, the Court of Appeals for the Fourth Circuit noted, in dictum, that the bail bond agents might also be vulnerable to civil liability simply because the bail system within the state might exists in a symbiotic relationship with the criminal justice system. See id. However, the value of this dictum is highly questionable since, in the sentence following this dictum, the Fourth Circuit noted that federal courts rejected the theory of symbiotic relation rendering bail bond agents per se state actors for the purposes of section 1983 liability. See id.; accord Dean v. Olibas, 129 F.3d 1001, 1006 n.4 (8th Cir. 1997) (rejecting per se state actor approach to claims against bondsmen); Landry v. A-Able Bonding, 75 F.3d 200, 204-05 n.5 (5th Cir. 1996) (same); Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 553 (9th Cir. 1974) (same). Moreover, Jackson dictum has been heavily criticized. See Weaver v. James Bonding Co., 442 F. Supp. 2d 1219, 1228 (S.D. Ala. 2006) ("As an initial matter, Jackson is a distinctly minority view. The Fourth Circuit appears to stand alone among appellate courts in finding a symbiotic relationship between a bail bondsman and the state. Furthermore, the "symbiotic relationship" aspect of Jackson is mere dicta"); Hunt v. Steve Dement Bail Bonds, Inc., 914 F. Supp. 1390, 1393 (W.D. La. 1996) ("This Court finds the analysis in Jackson unpersuasive. Not only is this aspect of the Jackson opinion dicta, but the "symbiotic relationship" test has been greatly restricted by Supreme Court jurisprudence. See, e.g., Moose Lodge No. 107 v. Irvis, 407 U.S. 163 (1972) (holding that a private entity's action does not become state action simply because it receives a benefit or service from the state, or is subject to state regulation)").

surety; and (2) legitimately seeking release from this surety obligation. In light of Plaintiff's allegations, Defendant cannot be qualified as a state actor: Defendant's decision to give a bond neither resulted from the State's exercise of "coercive power," no accrued with the State's significant encouragement, willful participation, control, delegation or any other forms of State activity. Moreover, the fact of Defendant's exoneration cannot be construed as an act intertwining Defendant and the State (even though Defendant's exoneration motion was granted by a state judge): the fact of participation in a litigation does not transform a private litigant into a state actor. See Drew v. Chase Manhattan Bank, N.A., 1998 U.S. Dist. LEXIS 11616 (S.D.N.Y. July 28, 1998) (quoting Goldberg v. Lynch, 1998 U.S. Dist. LEXIS 8906, at *6 (S.D.N.Y. June 18, 1998) for the proposition that, "[i]f it was otherwise every state judgment could form the basis of a § 1983 action against the prevailing party. A party's participation in a litigation is not sufficient to cloak it with the authority of a state actor").[3]

---

[3] Indeed, not only finding otherwise would yield an anomalous result of rendering every litigant automatically a state actor by the mere virtue of this litigant's participation in a state or federal court proceeding, such finding would also go against clearly established relevant body of law. See, e.g., Polk County v. Dodson, 454 U.S. 312, 325 (1981) (neither privately retained counsel nor court-appointed public defenders could be deemed as acting under color of law, even though these counsel constantly participate in court proceedings and often secure favorable outcomes for their clients).

Since Defendant's actions at issue cannot be fairly attributed to the State, Plaintiff's allegations fail to meet the threshold "color of law" requirement, and the Complaint must be dismissed for failure to state claim upon which relief may be granted.

Moreover, while this Court is mindful of the Third Circuit's teaching that a pro se civil complaint, generally, should not be dismissed without allowing the litigant an opportunity to amend, cf. Shane v. Fauver, 213 F.3d 113 (3d Cir. 2000), a dismissal with prejudice appears appropriate in the instant matter.  Plaintiff's naming of Defendant as the sole defendant in this action, as well as Plaintiff's well-detailed allegations against Defendant unambiguously indicate that, in this action, Plaintiff intended to challenge solely the activity of Defendant as a bail bond agency, which legitimately obtained exoneration from surety.  Since Defendant's status as a private bail bond agency cannot be changes by Plaintiff's re-pleading, this Court finds leave to amend futile.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee and dismisses the Complaint with prejudice for failure to state a claim upon which relief may be granted.

8

An appropriate Order accompanies this Opinion.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge

Dated:     **March 20, 2009**