IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REUBEN A. JACOBS, SR., | Civil Action |
| Plaintiff, | No. 09-180 (JBS) |
| v. | |
| A ROBERT DEPERSIA AGENCY, | **MEMORANDUM ORDER** |
| Defendant. | |

IT APPEARING THAT:

1. On January 1, 2009, the Clerk received Plaintiff's original civil complaint, together with an application to proceed in this matter in forma pauperis. See Docket Entry No. 1. The original complaint alleged that Defendant, a private business establishment (i.e., a bail bond agency that initially provided Plaintiff with surety and then, upon Plaintiff's later arrest, applied to a state court for a release from its surety obligation), violated Plaintiff's rights because the state court granted Defendant's request for exoneration. See id.

2. On March 20, 2009, this Court issued an order and accompanying opinion granting Plaintiff in forma pauperis status and dismissing Plaintiff's complaint, with prejudice, for failure to state a claim upon which relief can be granted. See Docket Entries Nos. 2 and 3.  Specifically, the Court's opinion

clarified to Plaintiff that Defendant, a private business entity, did not qualify as a state actor because Defendant's conduct, <u>i.e.</u>, providing Plaintiff with surety and then seeking a state court's order exonerating Defendant from its surety obligation, cannot be fairly attributed to the State. <u>See</u> Docket Entry No. 2.

3. On May 12, 2009, the Clerk received Plaintiff's application to amend his original complaint and, two days later, the Clerk received a package incorporating Plaintiff's motion for reconsideration of the Court's order dismissing his original complaint.  <u>See</u> Docket Entries Nos. 4 and 5.

4. Plaintiff's application to amend his original complaint reads, in its entirety, as follows: "As it pertains to this complaint I am addressing this court in an attempt to have this complaint amended to the proper form which I believe is the (JS44) so that it won't be dismissed without prejudice as was another complaint that I had pending for failure to state a claim for which relief can be granted do to being filed under the (1983) form which as a laymen I had no idea that the procedure was incorrect.  I pray that you find compassion in your heart to consider this motion as it concerns the situation."  Docket Entry No. 4 (parenthetical in original).

5. Plaintiff's package incorporating his motion for reconsideration asserts that Plaintiff received this Court's

     order dismissing his original complaint on May 6, 2009, that is, about a month and a half after the order was issued. See Docket Entry No. 5. In addition, the motion part of the package reiterates Plaintiff's impression that his original complaint was dismissed because Plaintiff used a "1983 form" instead of JS44 form. See id. at 1. Finally, the package includes an amended complaint, which provides the Court with a "new" statement of facts, reading, in its entirety, as follows: "Cause of Action: Defendant filed a motion to exonerate themselves [sic.] from a bond bre[a]ching contract without refunding the collateral to the plaintiff." Id. at 2. The package concludes with Plaintiff's "civil cover sheet," a JS 44 form. See id. at 3.

6. The Court is mindful of Plaintiff's pro se litigant status and, indeed, recognizes that it is always useful to allow a litigant to clarify his claims.[1] However, the clarifications offered by Plaintiff's motion for reconsideration and/or his amended complaint support the correctness of the Court's prior finding rather than warrant reconsideration.

---

[1] Plaintiff's motion appears to be untimely. The Federal Rules of Civil Procedure, Rule 59(e), states, "any motion to alter or amend a judgment shall be filed not later than 10 days after the entry of the judgment." Similarly, Local Civil Rule 7.1(i) directs, "a motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment." The Court, however, finds it proper to entertain the motion on merits, regardless of its untimeliness.

7. There are four basic grounds upon which a motion for reconsideration may be granted:  (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) to accord the decision to an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998).  However, mere disagreement with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process.  Id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court,

might reasonably have resulted in a different conclusion." <u>Assisted Living</u>, 996 F. Supp. at 442. Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)." <u>Edward H. Bohlin, Co. v. Banning Co., Inc.</u>, 6 F.3d 350, 355 (5th Cir. 1993).

8. Here, neither Plaintiff's motion nor Plaintiff's amended complaint assert any fact suggesting, even remotely, that Defendant's decision to provide Plaintiff with surety and then to seek a state court's order exonerating Defendant from its surety obligation, or Defendant's decision to retain the collateral for Plaintiff's bond, could be fairly attributed to the State. <u>See</u> Docket Entries Nos. 4 and 5.

9. Moreover, and paramountly here, Plaintiff errs in his belief that his original complaint was dismissed by this Court because of Plaintiff's failure to include a civil cover sheet in his original application: a civil cover sheet is not a substantive (or, for that matter, even a docketable) document, and this Court's – as well as any court's – decision in each and every case – especially in an action brought by a <u>pro se</u> litigant, like Plaintiff, – would never be based on form rather than on substance. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182-83 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep . . . may be decisive to the outcome and accept the principle that the

5

purpose of pleading is to facilitate a proper decision on the merits"); see also Docket Entry No. 2, at 2 (citing Haines v. Kerner, 404 U.S. 519 (1972), and United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), for the axiomatic proposition that, "[i]n determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff").  The shortcoming of Plaintiff's complaint is in the facts he alleges: these facts fail to state asset any event hinting, even remotely, that Defendant, a private bail agency, acted under color of state law.  This crucial shortcoming is wholly irrelevant to the physical form Plaintiff used to convey his allegations to the Court.

IT IS, therefore, on this __**30th**__ day of __**June**__, **2009**,

ORDERED that the Clerk shall reopen this action for the purposes of this Court's assessment of Plaintiff's motion for reconsideration and enter a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's motion for reconsideration, Docket Entry No. 5, is granted to the extent that this Court has addressed Petitioner's motion on the merits, see Pena-Ruiz v. Solorzano, 281 Fed. App'x 110, 111 n.1 (3d Cir. 2008) (clarifying that a district court's reconsideration of its previous decision qualifies as a grant of motion for reconsideration if the reconsideration is

conducted on merits, regardless of whether or not the district court arrives, upon such reconsideration, at a conclusion identical to that previously reached); and it is further

ORDERED that, for the reasons extensively discussed in this Court's Opinion, see Docket Entry No. 2, at 3-8, and for the reasons stated herein, Plaintiff's original and amended complaints are dismissed, with prejudice,[2] for failure to state a claim under 42 U.S.C. § 1983 upon which relief can be granted; and it is finally

ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff by regular U.S. mail, and shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED."

s/ Jerome B. Simandle
JEROME B. SIMANDLE
United States District Judge

---

[2] Plaintiff had two chances to provide basis for his § 1983 claim that Defendant, a private bail agency, acted under color of state law.  There is no reasonable prospect that Plaintiff, if given a third opportunity to do so, will provide any basis for his claim that Defendant acted under color of law, so the Court will not keep this docket open for further proceedings. "Allowing leave to amend where there is a stark absence of any suggestion by the plaintiffs that they have developed any facts since the action was commenced, which would, if true, cure the defects in the pleadings'" would frustrate the Court's ability to filter out lawsuits that have no factual basis." Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 164 (3d Cir. 2004) (internal quotation marks and citations omitted).